Kent P. Woods (NV Bar No. 12306)
kent@kwoodslaw.com
Law Office of Kent P. Woods LLC
197 E California Ave, Suite 300
T: (702) 703-1540
F: (844) 320-6536
Las Vegas, NV 89104

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARSHALL MEDICAL BILLING, LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>v.<br><br>TENOR HEALTH FOUNDATION SHARON LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:26-cv-00550-MMD-CSD<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

COMES NOW, Defendant Tenor Health Foundation Sharon LLC, a Delaware limited liability company ("Defendant" or "Tenor"), by and through undersigned counsel, and for its Answer, Affirmative Defenses, and Counterclaim filed in response to the Complaint in this matter responds and alleges as follows:

**ANSWER AS TO THE ALLEGATIONS REGARDING THE PARTIES**

1. Tenor states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, or that basis, denies those allegations.

2. Admitted.

3. Denied as stated.

**AS TO THE ALLEGATIONS REGARDING JURISDICTION**

4. The allegations contained in paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 4 are denied.

5. The allegations contained in paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 5 are denied.

6. The allegations contained in paragraph 6 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 6 are denied.

**AS TO THE ALLEGATIONS REGARDING VENUE**

7. The allegations contained in paragraph 7 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 7 are denied.

**AS TO GENERAL ALLEGATIONS**

8. Tenor admits that the Plaintiff has asserted that MMB is a full service medical billing and revenue cycle management company headquartered in Reno, Nevada and that MMB provides billing, collections, reimbursement, coding, credentialing, accounts receivable management, denials management, and related administrative services to healthcare providers.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

15. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

16. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

17. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

18. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

19. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

20. The Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

21. The allegations contained in paragraph 21 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 21 are denied.

22. Admitted.

23. The allegations contained in paragraph 23 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 23 are denied.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. The allegations contained in paragraph 33 refer to a document in writing that speaks for itself. Any allegations regarding the contents of that document that are inconsistent with the document are denied.

34. Denied.

35. Denied

36. Denied.

37. Denied.

38. The allegations contained in paragraph 38 are legal conclusions to which no response is required.

39. The allegations contained in paragraph 39 are legal conclusions to which no response is required.

40. The allegations contained in paragraph 40 are legal conclusions to which no response is required.

41. To the extent that the allegations in paragraph 41 reference the parties' agreements, the agreements being a written document, speaks for itself. Any allegations regarding the contents of the parties' agreements that are inconsistent with the parties' agreements are denied. Additionally, to the extent that the allegations in paragraph 41 reference anything other than the parties' agreements, the allegations contained in paragraph 41 are denied.

**AS TO THE ALLEGATIONS CONTAINED IN THE FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

42. Answering paragraph 42, Tenor repeats, reiterates, and realleges each and every answer to the allegations in paragraphs 1 through 41, inclusive of Plaintiff's Complaint, with the same force and effect as if set forth at length herein.

43. To the extent the allegations in paragraph 43 reference the Phase One RCM and Billing Services contract, the Phase One RCM and Billing Services Contract, being a written document, speaks for itself. Any allegations regarding the contents of the Phase One RCM and Billing Services Contract that are inconsistent with the Phase One RCM and Billing Services Contract are denied.

44. To the extent that the allegations in paragraphs 44 reference the written contract, the written contract, being a written document, speaks for itself. Any allegations regarding the contents of the written contract that are inconsistent with the written contract are denied. Additionally, to the extent that the allegations in paragraph 44 reference anything other than the written contract, the allegations contained in paragraph 44 are denied.

45. The allegations contained in paragraph 45 are legal conclusions to which no response is required.

46. Denied.

47. The allegations contained in paragraph 47 are legal conclusions to which no response is required.

48. To the extent that the allegations in paragraphs 48 reference the written contract, the written contract, being a written document, speaks for itself. Any allegations regarding the contents of the written contract that are inconsistent with the written contract are denied. Additionally, to the extent that the allegations in paragraph 48 reference anything other than the written contract, the allegations contained in paragraph 48 are denied.

49. The allegations contained in paragraph 49 are legal conclusions to which no response is required.

50. The allegations contained in paragraph 50 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 50 are denied.

51. To the extent that the allegations in paragraphs 51 reference the parties' contract, the parties' contract, being a written document, speaks for itself. Any allegations regarding the contents of the parties' contract that are inconsistent with the parties' contract are denied. Additionally, to

the extent that the allegations in paragraph 51 reference anything other than the parties' contract, the allegations contained in paragraph 51 are denied.

**AS TO THE ALLEGATIONS CONTAINED IN THE SECOND CLAIM FOR RELIEF**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

52. Answering paragraph 52, Tenor repeats, reiterates, and realleges each and every answer to the allegations in paragraphs 1 through 51, inclusive of Plaintiff's Complaint, with the same force and effect as if set forth at length herein.

53. To the extent that the allegations in paragraphs 53 reference the parties' contract, the parties' contract, being a written document, speaks for itself. Any allegations regarding the contents of the parties' contract that are inconsistent with the parties' contract are denied.

54. The allegations contained in paragraph 54 are legal conclusions to which no response is required.

55. To the extent that the allegations in paragraphs 55 reference the parties' contract, the parties' contract, being a written document, speaks for itself. Any allegations regarding the contents of the parties' contract that are inconsistent with the parties' contract are denied.

56. Tenor states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, on that basis, denies those allegations.

57. The allegations contained in paragraph 57 are legal conclusions to which no response is required.

58. The allegations contained in paragraph 58 are legal conclusions to which no response is required.

59. The allegations contained in paragraph 59 are legal conclusions to which no response is required.

60. The allegations contained in paragraph 54 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 60 are denied.

61. Tenor states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and, on that basis, denies those allegations.

**AS TO THE ALLEGATIONS CONTAINED IN THE THIRD CLAIM FOR RELIEF**

**(Unjust Enrichment)**

62. Answering paragraph 62, Tenor repeats, reiterates, and realleges each and every answer to the allegations in paragraphs 1 through 61, inclusive of Plaintiff's Complaint, with the same force and effect as if set forth at length herein.

63. The allegations contained in paragraph 63 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 63 are denied.

64. It is admitted that MMB provided services to Tenor.

65. The allegations contained in paragraph 65 are legal conclusions to which no response is required.

66. The allegations contained in paragraph 66 are legal conclusions to which no response is required.

67. Tenor states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and, on that basis, denies those allegations.

68. Denied.

69. Denied.

70. The allegations contained in paragraph 70 are legal conclusions to which no response is required.

71. The allegations contained in paragraph 71 are legal conclusions to which no response is required.

WHEREFORE, Tenor Health Foundation Sharon, LLC, respectfully prays that the Complaint be dismissed against it; that costs of this proceeding be taxed against Marshall Medical Billing, LLC and that Tenor Health Foundation Sharon, LLC have such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Tenor.

**SECOND AFFIRMATIVE DEFENSE**

MMB's claims are barred or limited because MMB has breached the terms of the contract between Tenor and MMB.

**THIRD AFFIRMATIVE DEFENSE**

MMB's claims are barred or limited because MMB has been unjustly enriched through its association with Tenor.

**FOURTH AFFIRMATIVE DEFENSE**

MMB's claims are barred or limited by MMB's failure to mitigate its damages.

**FIFTH AFFIRMATIVE DEFENSE**

MMB's claims are barred or limited by the Doctrine of Waiver.

**SIXTH AFFIRMATIVE DEFENSE**

MMB's claims are barred or limited by the Doctrine of Estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

MMB's claims are barred or limited by the Doctrine of Unclean Hands.

**EIGHTH AFFIRMATIVE DEFENSE**

MMB's claims are subject to defenses of setoff or recoupment.

WHEREFORE, Tenor Health Foundation Sharon, LLC respectfully prays that Plaintiff's Complaint be dismissed against it, that costs of this proceeding be taxed against Marshall Medical Billing, LLC and that Tenor Health Foundation Sharon, LLC have such other and further relief as the Court deems just and proper.

**COUNTERCLAIMS**

**COUNT I - BREACH OF CONTRACT**

1. Tenor repeats, reiterates, and realleges each and every answer to the allegations in paragraphs 1 through 71, inclusive, of the Complaint with the same force and effect as set forth at length herein.

2. MMB and Tenor entered into an agreement, whereby MMB agreed to provide billing services to Tenor in consideration of fees to be paid by Tenor to MMB.

3. The agreement between and MMB and Tenor constituted a valid and enforceable contract.

4. Tenor fully performed with respect to the above-referenced agreement.

5. MMB breached its contractual duty by failing to properly code billing entries in accordance with the needs and specifications of Tenor and the requirements of the agreement.

6. MMB breached its contractual duties by failing to properly credential providers with the payors in accordance with the needs and specifications of Tenor and the requirements of the agreement

7. Accordingly, Tenor has been damaged by MMB's breach of the terms of the contract between the parties. Therefore, Tenor seeks damages from MMB.

**COUNT II - UNJUST ENRICHMENT**

8. Tenor repeats, reiterates, and realleges each and every answer to the allegations in paragraphs 1 through 71, inclusive, of the Complaint with the same force and effect as set forth at length herein.

9. Tenor engaged MMB to provide certain services related to the assessing and collecting of payments for medical services pursuant to a written agreement between them.

10. Pursuant to the agreement, Tenor paid benefits and undertook obligations to MMB.

11. MMB retained and accepted the benefits of those payments and obligations.

12. Notwithstanding that MMB had retained and accepted the benefits of payments and obligations from Tenor, MMB failed to provide services under the agreement in accordance with the applicable standards set forth in the agreement or according to the needs and specifications of Tenor or applicable industry standard.

13. It would be inequitable and unjust for MMB to retain those benefits without payment of their worth to Tenor. Therefore, Tenor seeks such payment from MMB.

WHEREFORE, Tenor Health Foundation Sharon, LLC respectfully prays for relief as follows:

1. That judgment be entered in its favor;

2. That the costs of this proceeding be taxed against Marshall Medical Billing, LLC;

3. That this Court award contractual interest, prejudgment interest, and post-judgment interest as allowed by law;

4. That this Court award Tenor Health Foundation Sharon LLC its reasonable attorney's fees and costs in this action; and

5. That Tenor Health Foundation Sharon LLC be accorded such other and further relief as this Court deems just and proper.

DATED this 8th day of September, 2026.

LAW OFFICE OF KENT P. WOODS LLC

/s/ *Kent P. Woods*

Kent P. Woods (NSB 12306)
197 E. California Ave. Ste. 300
Las Vegas, NV 89104
Tel.: (702) 703-1540
kent@kwoodslaw.com

*Attorney for Tenor Health Foundation Sharon LLC*