**FENNEMORE CRAIG, P.C.**
Leslie Bryan Hart
Nevada Bar No. 4932
Austin W. Slaughter
Nevada Bar No. 15645
7800 Rancharrah Parkway
Reno, Nevada 89511
Telephone: (775) 788-2200
Email: lhart@fennemorelaw.com
aslaughter@fennemorelaw.com

*Attorneys for Marshall Medical Billing LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARSHALL MEDICAL BILLING LLC, a Nevada Limited Liability Company.<br><br>Plaintiff,<br><br>vs.<br><br>TENOR HEALTH FOUNDATION SHARON, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO: 3:26-cv-00550-MMD-CSD<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26 (f)**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

**SPECIAL SCHEDULING REVIEW REQUESTED: __ YES _X_ No**

Plaintiff and Counterdefendant Marshall Medical Billing LLC ("MMB") and Defendant and Counterclaimant Tenor Health Foundation Sharon, LLC ("Tenor"), by and through their respective counsel, stipulate to the following discovery plan and proposed scheduling order under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

/ / /

/ / /

**I.**

## INFORMATION REQUIRED BY FEDERAL RULE 26(F)

**A. Conference and Initial Disclosures**. Counsel conferred on **October 12, 2026**, pursuant to Rule 26(f). The parties will serve their initial disclosures under Rule 26(a)(1) within fourteen days of that conference, on or before October 26, 2026. Disclosures and discovery may be served by email to counsel at their addresses of record. Documents produced in discovery will be sequentially Bates numbered. Upon request, the parties will provide discovery requests in an editable electronic format to facilitate preparation of responses.

**B. Scope of Discovery**. Discovery may be taken as to nonprivileged matters relevant to the parties' claims and defenses and proportional to the needs of the case under Rule 26(b)(1). The parties do not presently propose changes to the discovery limits imposed by the Federal Rules or the Local Rules, or propose that discovery be phased or confined to particular issues.

**C. Timing and Form of Disclosures**. The parties will make their disclosures according to the deadlines set forth below and will supplement them as required by Rule 26(e).

**D. Electronically Stored Information**. The parties anticipate that discovery may include electronically stored contracts, billing and payment records, communications, and information concerning the services at issue. The parties will preserve potentially relevant electronically stored information and confer in good faith regarding reasonable search methods, production formats, and any issues involving confidential business information or patient information. If a dispute arises concerning electronically stored information, the parties will meet and confer before seeking the Court's assistance.

**E. Privilege and Protective Order**. The parties will comply with the Federal Rules governing claims of privilege and protection of trial preparation materials. They agree that inadvertent production of material protected by the attorney-client privilege, work-product doctrine, or another recognized protection will not, by itself, constitute a waiver. A producing party that discovers an inadvertent disclosure will notify the receiving party promptly and identify the material for which protection is claimed. The receiving party will then comply with Rule 26(b)(5)(B), without waiving its right to challenge the claim of protection. The parties will submit a proposed protective order if necessary to govern the exchange of confidential or sensitive

information.

**F. Pretrial Conferences and Requested Orders**. Other than the scheduling order requested here and any protective order the parties may subsequently propose, the parties do not presently request an order under Rules 16 or 26(c). The parties will comply with the Court's September 8, 2026 order concerning the October 26, 2026 case management conference.

**G. Certifications Under LR 26-1(b)(7)–(9).** The parties discussed alternative dispute resolution, consent to trial before a magistrate judge under 28 U.S.C. § 636(c) and Rule 73, and the Short Trial Program. They also discussed the potential presentation of electronic evidence to jurors for deliberations. To the extent evidence is available in a format compatible with the Court's systems, the parties will confer concerning its exchange and presentation in that format.

## II.

## INFORMATION REQUIRED BY LOCAL RULE 26-1(B)

**A. LR 26-1(b)(1) – Discovery Cut-Off Date**

MMB filed its Complaint on July 17, 2026. Tenor filed its Answer and Counterclaim on September 8, 2026, its first answer or appearance. MMB answered the Counterclaim on September 29, 2026.

The parties agree that the ordinary **180-day discovery period**, measured from Tenor's September 8, 2026 Answer, is appropriate. The 180th day falls on Sunday, March 7, 2027. Accordingly, under Rule 6(a)(1)(C), discovery shall close on **Monday, March 8, 2027**.

Based on that cutoff, the parties propose the following deadlines:

a. LR 26-1(b)(2) – Amendment of Pleadings and Addition of Parties

The last day to file motions to amend the pleadings or add parties shall be **December, 8 2026**, which is ninety (90) days before the discovery cut-off date.

b. LR 26-1(b)(3) – Expert Disclosures

Disclosures of initial expert witnesses shall be made on or before **January 7, 2027**, which is sixty (60) days before the discovery cut-off date.

Disclosures of rebuttal expert witnesses shall be made no later than thirty (30) days after the initial expert disclosure deadline. Rebuttal expert disclosures shall be due on **February 8, 2027**.

c. LR 26-1(b)(4) – Dispositive Motions

Dispositive motions shall be filed no later than thirty (30) days after the discovery cut-off date, on or before **April 7, 2027**.

d. LR 26-1(b)(5) – Joint Pretrial Order

The Joint Pretrial Order shall be filed no later than thirty (30) days after the deadline for filing dispositive motions. The Joint Pretrial Order shall be due on **May 7, 2027**.

If a dispositive motion is filed, the deadline for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters its decision on the dispositive motion, or until such other date as the Court may order.

e. LR 26-1(b)(6) – Pretrial Disclosures

The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), together with any objections to those disclosures, shall be included in the Joint Pretrial Order.

To facilitate preparation of the Joint Pretrial Order and permit the inclusion of any objections, the parties agree to exchange drafts of their Rule 26(a)(3) disclosures ten (10) days before the Joint Pretrial Order is due, currently on or before **April 27, 2027**.

Pursuant to Fed. R. Civ. P. 6(a)(1)(C), if any deadline set forth above falls on a Saturday, Sunday, or legal holiday, the deadline shall continue to the next day that is not a Saturday, Sunday, or legal holiday.

## III.

## ADDITIONAL DEADLINES

The parties further stipulate that any request for extensions of the deadlines set forth in the Stipulated Discovery Plan and Scheduling Order will be submitted at least twenty-one (21) days prior to the deadline at issue, unless for good cause shown.

**IT IS SO STIPULATED**

/ / /

/ / /

/ / /

/ / /

DATED this 14th day of October, 2026.

**LAW OFFICE OF KENT P. WOODS LLC**

By: _____*/s/ Kent P. Woods*_______________
Kent P. Woods
Nevada Bar No. 12306

*Attorneys for Defendant and Counterclaimant*
*Tenor Health Foundation Sharon, LLC*

**FENNEMORE CRAIG P.C.**

By:__*/s/ Austin W. Slaughter*_____________
Leslie Bryan Hart
Nevada Bar No. 4932
Austin W. Slaughter
Nevada Bar No. 15645

*Attorneys for Plaintiff and Counterdefendant*
*Marshall Medical Billing*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Fennemore Craig, P.C., and that on this date I caused to be served a true copy of the foregoing **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26 (f)** on all parties to this action by using this Court's CM/ECF Electronic Notification System addressed to:

Kent P. Woods
Nevada Bar No. 12306
Law Offices of Kent P. Woods LLC
197 E. California Ave, Suite 300
Las Vegas, NV 89104
kent@kwoodslaw.com

DATED this 14$^{5y}$ day of October, 2026

*/s/ Susan E. Whitehouse*
Employee of Fennemore Craig, P.C.